IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| A.I., | : | |
| | : | |
| Petitioner, | : | Case No.4:25-cv-91-CDL-AGH |
| | : | 28 U.S.C. § 2241 |
| v. | : | |
| | : | Case No.4:25-cv-122-CDL-AGH |
| | : | 28 U.S.C. § 2241 |
| KRISTI NOEM, *et al.*, | : | |
| | : | |
| Respondents. | : | |

**ORDER**

On April 14, 2025, the Court received Petitioner's application for habeas corpus relief in case number 4:25-cv-122-CDL-AGH, ECF No 1. However, Petitioner previously filed an application for habeas relief in case number 4:25-cv-91-CDL-AGH (M.D. Ga. filed Mar. 14, 2025), ECF No. 1, and that case also remains pending before this Court. The Respondents and the requested relief—release from detention—are the same in both cases.

Rule 42(a) of the Federal Rules of Civil Procedure authorizes this Court to consolidate actions that "involve a common question of law or fact."[1] Fed. R. Civ. P. 42(a). A district court's decision whether to consolidate [under Rule 42(a)] is 'purely discretionary.'" *Eghnayem v. Boston Sci. Corp.*, 873 F.3d 1304, 1313 (11th Cir. 2017)

---

[1] "[T]he lack of any Rule 42(a) motion from any party in either of the two cases is no impediment to consolidation if the relevant considerations warrant same." *Chambers v. Cooney*, No. 07-0373-WS-B, 2007 WL 3287364, at *1 (S.D. Ala. Nov. 2, 2007) (citing *Devlin v. Transp. Comm. Int'l Union*, 175 F.3d 121, 130 (2nd Cir. 1999) ("A district court can consolidate related cases under Federal Rule of Civil Procedure 42(a) *sua sponte*.")).

(quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)). Exercising this "considerable" discretion requires weighing the risk of prejudice and confusion that could be caused by consolidation against considerations of judicial economy and the prejudice that duplicative litigation may cause, among other considerations. *Id.* (quoting *Hendrix*, 776 F.2d at 1495).

Here, consolidation of Petitioner's cases will conserve judicial resources and permit the efficient resolution of Petitioner's claims. It is therefore **ORDERED** that cases 4:25-cv-91-CDL-AGH and 4:25-cv-122-CDL-AGH, be **CONSOLIDATED** and that case 4:25-cv-122-CDL-AGH be **ADMINISTRATIVELY CLOSED**.

Prior to recognizing that Petitioner previously filed a habeas application, the Court ordered Respondents to file a response to the petition filed in 4:25-cv-122-CDL-AGH. In light of the consolidation of these cases, Respondents may disregard that order. Nevertheless, although docketed as a new petition, it appears that Petitioner may have actually intended the filing in 4:25-cv-122-CDL-AGH to be a brief in support of her petition filed in 4:25-cv-91-CDL-AGH. If Respondents wish to file a brief in response, they may do so within twenty-one (21) days.

**SO ORDERED**, this 23rd day of April, 2025.

    s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE